******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
ULYSES R. ALVAREZ
(SC 20697)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Ecker and Alexander, Js.

*Syllabus*

The defendant, who had been convicted of sexual assault in the fourth
degree and risk of injury to a child, appealed to the Appellate Court.
The Appellate Court reversed the judgment of conviction, concluding
that the state had failed to establish that the trial court's improper
withholding of certain sealed medical records of one of the victims, A,
was harmless beyond a reasonable doubt and that the trial court had
abused its discretion in allowing the state to introduce evidence of
uncharged sexual misconduct that was not sufficiently similar to the
conduct at issue in the present case. On the granting of certification,
the state appealed to this court.

*Held* that, after an examination of the record and briefs on appeal and
consideration of the parties' arguments, the Appellate Court's judgment
was affirmed, and this court adopted the Appellate Court's thorough
and well reasoned opinion as the proper statement of the issues and
the applicable law concerning those issues:

This court undertook a thorough and independent review of the sealed
records at issue and identified multiple references to A's history of
untruthfulness and of having made false allegations, those records con-
tained information relating to behavioral, cognitive and emotional issues
that could have affected A's ability to observe, understand and accurately
narrate the events in question, and, because that information was not
available elsewhere in the trial court record, defense counsel's cross-
examination of A was limited.

Moreover, the record supported the Appellate Court's determination that
the uncharged sexual misconduct evidence at issue was not sufficiently
similar to the conduct at issue in the present case.

Argued March 22—officially released May 2, 2023

*Procedural History*

Substitute information charging the defendant with
two counts each of the crimes of sexual assault in the
fourth degree and risk of injury to a child, brought to
the Superior Court in the judicial district of Litchfield,
where the court, *Wu, J.*, granted the state's motion
to introduce certain uncharged misconduct evidence;
thereafter, the case was tried to the jury before *Wu, J.*;
verdict and judgment of guilty, from which the defen-
dant appealed to the Appellate Court, *Bright, C. J.*, and
*Suarez* and *Sullivan, Js.*, which reversed the judgment
of the trial court and remanded the case for a new trial,
and the state, on the granting of certification, appealed
to this court. *Affirmed.*

*Denise B. Smoker*, senior assistant state's attorney,
with whom, on the brief, were *David R. Shannon*, state's
attorney, and *Dawn Gallo*, former state's attorney, for
the appellant (state).

*Kevin M. Smith*, with whom, on the brief, was *Nor-
man A. Pattis*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this certified appeal, the state appeals from the Appellate Court's judgment reversing the trial court's judgment of conviction against the defendant, Ulyses R. Alvarez, rendered after a jury trial, of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (E) and (8), and risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and (2).[1] See *State* v. *Alvarez*, 209 Conn. App. 250, 252, 271, 267 A.3d 303 (2021). On appeal, the state claims that the Appellate Court incorrectly held that (1) the state had failed to establish that it was harmless beyond a reasonable doubt that the trial court improperly withheld relevant sealed medical records of A,[2] who testified on behalf of the state both to corroborate the testimony of the victim, K, and to provide uncharged sexual misconduct evidence, and (2) the trial court abused its discretion by allowing the state to introduce evidence of uncharged sexual misconduct, specifically, the testimony of P, on the ground that the conduct was not sufficiently similar to the conduct at issue in the present case.

After examining the record and briefs on appeal and considering the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed on the grounds stated by the Appellate Court. More specifically, as to the state's first claim, this court, like the Appellate Court, has undertaken a thorough and independent review of the sealed records. Based on that review, we identified multiple records containing references both to A's history of untruthfulness in general and A's history of making false misconduct allegations in particular. The records also contain information relating to behavioral, cognitive, and emotional issues that could affect A's ability to observe, understand, and accurately narrate the events in question. See *State* v. *Juan A. G.-P.*, 346 Conn. 132, 155, 287 A.3d 1060 (2023) (trial court improperly withheld from defendant relevant impeachment material contained in complainants' psychiatric records and generally describing relevant portions of those records). This information was not available elsewhere in the trial court record, and thus defense counsel's cross-examination of A was limited to the fact that A had a criminal history, A had a history of drug use, and A originally denied that the misconduct at issue had occurred. As to the state's second claim, our review of the trial court record also confirms the Appellate Court's determination that the uncharged sexual misconduct about which P testified was not sufficiently similar to the conduct at issue in the present case. The Appellate Court's thorough and well reasoned opinion fully addresses the certified questions, and, accordingly, we adopt the Appellate Court's opinion as the proper statement of the issues and the applicable law concerning those issues. See, e.g., *State* v. *Hender-*

*son*, 330 Conn. 793, 799, 201 A.3d 389 (2019).

The judgment of the Appellate Court is affirmed.

[1] We granted the state's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court improperly apply the constitutional harmless error standard to the trial court's failure to disclose certain sealed records under *State* v. *Esposito*, 192 Conn. 166, 471 A.2d 949 (1984), instead of the standard typically used for purely evidentiary claims?" And (2) "[d]id the Appellate Court incorrectly determine that the trial court had abused its discretion in finding that evidence of the defendant's uncharged misconduct against P was not sufficiently similar to his charged conduct against the complainant, K, in this case?" *State* v. *Alvarez*, 342 Conn. 905, 270 A.3d 692 (2022).

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Furthermore, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

———————————————